ROBBINS *v.* HOWARD.*

[No. 15,176. Filed April 18, 1934.]

*J. Fred Masters,* for appellant.

*Anderson & Mayfield,* for appellee.

WOOD, C. J.—The appellee has entered his special appearance in this cause and filed a motion to dismiss same.

This is an attempted vacation appeal. The record shows that the appellant caused notice of his intention to appeal in the cause, to be served upon the clerk of the Marion superior court and upon the attorneys for the appellee on September 28, 1933. The transcript was filed in this court on December 22, 1933, being eighty-five days after the notice of appellant's appeal was served upon both the clerk of the Marion superior court and the attorneys for appellee. There have been no steps taken by the appellant since the filing of the transcript in this court up to the present time, to wit: April 12, 1934, to bring the appellee into court. The last entry and ruling of the court from which appellant attempts to appeal was made upon June 29, 1933. The

*NOTE—Published out of order because not received sooner by Reporter.

only error assigned for reversal is the sustaining of appellee's demurrer to appellant's complaint.

The appellant has not appeared to the motion to dismiss this appeal, nor has he filed any counter-showing thereto.

Rule 2 of the revised rules of this court provides, that: "If notice of an appeal not taken in term shall be given below, the transcript must be filed in the clerk's office within sixty days from the time of giving such notice, and before the expiration of the time allowed for taking the appeal, or the notice shall be without effect. But if the time for taking an appeal has not expired, a notice may be issued and served as in other cases of vacation appeals."

Rule 36 provides as follows: "Where a case not appealed in term has been on the docket ninety days or more, and there has been no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."·

From the facts above set out as disclosed by the record it is apparent that this court does not have, nor can it acquire jurisdiction over the appellee. This attempted appeal is therefore dismissed.